JOURNAL ENTRY and OPINION
Floyd Stonum appeals from a judgment of the Cleveland Heights Municipal Court entered pursuant to a jury verdict finding him guilty of domestic violence. However, in his amended praecipe, Stonum failed to request a transcript, file an App.R. 9 statement, or otherwise provide us with a record of the trial court proceedings. As such, we are unable to review his assignments of error; accordingly, we are constrained to presume regularity and affirm this appeal of the judgment of the trial court.
The record reveals that, on January 12, 2001, Dora Stonum filed a domestic violence complaint against her husband, Floyd Stonum. This matter proceeded to a jury trial on March 9, 2001; however, the record on appeal is devoid of the evidence and testimony presented at trial.
The jury returned a verdict finding Stonum guilty of domestic violence. On April 23, 2001, the court sentenced him to thirty days in jail but suspended all but ten days and stayed that sentence for forty-five days. It imposed six months of active probation and one year of inactive probation, and it imposed a $250 fine but suspended $150, for a total fine of $100.
Stonum filed a notice of appeal on May 23, 2001 and in his praecipe requested a complete transcript. On July 5, 2001, the original papers filed and journalized in the trial court were filed with our court.
On July 30, 2001, Stonum requested and received from us an extension to file the trial transcript. However, he never filed a transcript and, instead, on September 7, 2001, requested and received leave to file an amended praecipe, in which he indicated that the record in this appeal would not include a transcript or an App.R. 9 statement.
Stonum raises three assignments of error for our review. They state:
 I. THE TRIAL COURT'S LIMITATION OF CROSS-EXAMINATION AND THE DEFENSE CASE IN CHIEF PREJUDICED THE DEFENDANT.
 II. THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT'S IN[-]TRIAL MOTIONS FOR ACQUITTAL.
 III. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANTS' (SIC) MOTION FOR A NEW TRIAL AND MOTION FOR JUDGMENT OF ACQUITTAL WITHOUT A HEARING.
Without a trial transcript or an App.R. 9 statement of the evidence, we are unable to properly consider these assignments of error.
"[I]n the absence of a record, the proceedings at trial are presumed correct." State v. Brown (1988), 38 Ohio St.3d 305, 314, fn. 4,528 N.E.2d 523. As the court stated in Knapp v. Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Further, "[i]f a transcript is `unavailable' an appellant has an obligation to provide a complete record pursuant to App.R. 9(C), (D) or (E)." State v. Nero (Feb. 21, 2002), Cuyahoga App. No. 79866, unreported, quoting State v. Newell (Dec. 6. 1990) Cuyahoga App. Nos. 56801, 601128, unreported.
Here, Stonum has failed to make such a record available for our review. Accordingly, we presume the validity of the trial court proceedings and affirm the judgment of conviction.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and PATRICIA A. BLACKMON, J. CONCUR